IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
LILA DEROSEAR,                )
                              )
            Plaintiff,        )         8:10CV147
                              )
     v.                       )
                              )
SHERRY BECKER,                )         ORDER
                              )
            Defendant.        )
_____)
```

This matter is before the Court upon defendant's motion to compel (Filing No. 48) and motion to extend deadline to disclose defendant's experts with reports (Filing No. 58). Defendant moves the Court for an order compelling plaintiff to appear for her deposition in this matter pursuant to Fed.R.Civ.P. 30, and, further, to submit to a physical and mental examination pursuant to Fed.R.Civ.P. 35 on the same date plaintiff is in Omaha for her deposition.

Counsel for the defendant has attempted to schedule plaintiff's deposition on numerous occasions in this action, as well as in the prior state court action. (*See* Exhibit 1A-M to Defendant's Index of Evidence in Support of Motion to Compel). Counsel for plaintiff has not asserted that plaintiff's deposition should not be had; it is plaintiff's counsel's position, however, that the plaintiff does not have the financial means to travel back to Omaha for her deposition in this jurisdiction.

In this jurisdiction:

> "[T]here is a well-recognized, general rule that a plaintiff is required to make itself available for a deposition in the District in which the suit was commenced, because the plaintiff has chosen the forum voluntarily, and should expect to appear there for any legal proceedings, whereas the defendant, ordinarily, has had no choice in selecting the action's venue." *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 588 (D. Minn. 1999). This general rule is subject to exception, "when the plaintiff can make a compelling showing that its application would impose an unduly heavy burden." *Id.* See also *Gibbs v. National Railroad Passenger Corp.*, 170 F.R.D. 452 (N.D. Ind.1997).

*See Moore v. Nebraska Beef, Ltd.,* WL 3584390 (2010).

Fed.R.Civ.P. 35 allows for physical and mental examinations when the plaintiff's condition in this regard is at issue. It provides, in relevant part, that a Court "may order a party whose mental or mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."

The complaint in this case alone establishes that the plaintiff has placed her physical and mental condition at issue. Further, after reviewing the briefs and indexes of evidence of both parties, including the relevant affidavits concerning plaintiff's financial condition, the Court finds plaintiff has

not made the requisite compelling showing that she will be unduly burdened if compelled to appear in Omaha for her deposition. Accordingly,

IT IS ORDERED:

1) Defendant's motion to compel (Filing No. 48) is granted. Plaintiff shall make herself available for a deposition and to submit to a physical and mental examination with Dr. Tom Haley in Omaha, Nebraska, no later than September 26, 2011.

2) Defendant's motion extend deadline to disclose defendant's experts with reports (Filing No. 58) is granted. Defendant shall have until October 3, 2011, to identify expert witnesses with reports.

DATED this 25th day of August, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court